UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL J. WRIGHT,**

        **Plaintiff,**

v.                                        Case No: 6:17-cv-436-Orl-41DCI

**JEFFREY LEE ASHTON, BENJAMIN DAVID BAIRD, PAMELA JO BONDI, KEVIN BOOKBINDER, MARIO CARDENAS, A. JAMES CRANER, IAN DOWNING, CAROL E. DRAPER, FELIX ECHEVARRIA, BRANDON LANE, JACQUELINE RAE LUKER, JAMES S. PURDY, MICHAEL B. STRICKLAND, ROBERT NEAL WESLEY and BRADLEY A. WHEELER,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendants Jeffrey Lee Ashton, Benjamin Baird, Pamela Jo Bondi, Kevin Bookbinder, A. James Craner, Carol E. Draper, Jacqueline Rae Luker, James S. Purdy, and Robert Neal Wesley's Motion to Dismiss and to Strike ("Judicial Process Defendants' Motion to Dismiss," Doc. 78); Defendant Felix Echevarria's Verified Motion to Set Aside Clerk's Default ("Motion to Set Aside," Doc. 91); Plaintiff's Renewed Motion for Default Judgment (Doc. 108); and Defendants Mario Cardenas, Brandon Layne, Ian Downing, Michael Strickland, and Bradley Wheeler's Motion to Dismiss ("Officer Defendants' Motion to Dismiss," Doc. 110). United States Magistrate Judge Daniel C. Irick submitted a Report and Recommendation ("R&R," Doc. 133), recommending that the Court grant in part both motions to dismiss, grant the Motion to Set Aside, and deny the Renewed Motion for Default Judgment.

Specifically, Judge Irick concluded, *inter alia*, that Plaintiff failed to state a claim against those Defendants who moved for dismissal—all Defendants except for Defendant Echevarria—and that Defendant Echevarria demonstrated good cause for setting aside the Clerk's Entry of Default (Doc. 90). (Doc. 133 at 12–21, 25–27). Plaintiff subsequently filed a timely Objection (Doc. 136) to the R&R followed by an untimely Memorandum of Law (Doc. 138) and Notice of Clarification (Doc. 141). After a *de novo* review of the record, and noting Plaintiff's objections, the Court agrees entirely with the R&R.

### I. JUDICIAL PROCESS DEFENDANTS' MOTION TO DISMISS

Apart from reiterating the claims alleged in his Complaint, Plaintiff argues that the Judicial Process Defendants' Motion to Dismiss should be denied because Plaintiff is not seeking monetary damages. (Doc. 136 at 9; Doc. 141 at 1–2). Judge Irick recommended granting the Judicial Process Defendants' Motion to Dismiss because the Judicial Process Defendants—Jeffrey Lee Ashton, Benjamin Baird, Pamela Jo Bondi, Kevin Bookbinder, A. James Craner, Carol E. Draper, Jacqueline Rae Luker, James S. Purdy, and Robert Neal Wesley—are all immune from liability for monetary damages pursuant to § 1983. (*See* Doc. 133 at 16–21). In response, Plaintiff contends that he is not pursuing monetary damages but does not explain what relief he actually seeks. Yet, in his Complaint, Plaintiff explicitly requests monetary damages and asserts no other claims for relief with regard to the Judicial Process Defendants. (*See* Compl., Doc. 1, at 28). Either way, Plaintiff fails to state a claim against the Judicial Process Defendants.

In addition, Plaintiff avers that his § 1983 claim against Defendant Baird should not be dismissed because Defendant Baird is not immune from liability. Specifically, Plaintiff alleges that Defendant Baird was acting under color of state law because he signed the Indictment in Plaintiff's state criminal case. (Doc. 136 at 3). But as Judge Irick noted, "prosecutors are entitled to absolute

immunity from suits under section 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Allen v. Florida*, 458 F. App'x 841, 843 (11th Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The signing of an indictment, even a defective one, is such an activity and does not strip a prosecutor of immunity. *See Lloyd v. Foster*, 298 F. App'x 836, 839 (11th Cir. 2008); *see also* Fla. Stat. § 27.181(2) (noting that signing indictments falls within the duties assigned to assistant state attorneys). Therefore, Plaintiff cannot state a claim as to Defendant Baird. The Court agrees with the analysis in the R&R, and the Judicial Process Defendants' Motion to Dismiss will be granted with prejudice.

## II. VERIFIED MOTION TO SET ASIDE CLERK'S DEFAULT

Plaintiff also objects to Judge Irick's recommendation that the Court grant Defendant Echevarria's Verified Motion to Set Aside Clerk's Default. A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause is a mutable standard, varying from situation to situation." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quotation omitted). Here, the Court agrees with Judge Irick that good cause exists. Plaintiff's argument that Defendant Echevarria was responsible for his own attorney's failure to appear is unpersuasive. The record demonstrates that Defendant Echevarria took all the necessary steps to apprise his attorney of the suit and that the resulting oversight was not attributable to Echevarria. As such, Defendant Echevarria's Verified Motion to Set Aside Clerk's Default will be granted, and Plaintiff's Renewed Motion for Default Judgment will be denied.

## III. STATE COURT CONVICTION

It appears that Plaintiff objects to the recommendation that the Court abstain from addressing his state court conviction because the criminal proceedings are still ongoing. In his

Objection, Plaintiff claims that his latest motion for post-conviction relief was denied, and therefore, the proceedings are no longer ongoing. (Doc. 136 at 2). Even if true, the Court agrees with Judge Irick's recommendation that it abstain from the matter. Under the *Younger* abstention doctrine, a court should abstain from interfering with a state court proceeding where: (1) the state proceeding "constitute[s] an ongoing state judicial proceeding"; (2) "the proceedings implicate important state interests"; and (3) "there [is] an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The first factor is met if the "state court proceedings were pending at the time of the filing of the federal complaint." *Liedel v. Juvenile Court of Madison Cty.*, 891 F.2d 1542, 1546 n.6 (11th Cir. 1990) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987)). Consequently, it is of no import that Plaintiff's post-conviction motion is no longer pending. Abstention under *Younger* is appropriate where, as here, the state court proceedings were ongoing when the federal complaint was filed. Accordingly, the Court agrees with Judge Irick's analysis and will abstain from addressing Plaintiff's state court conviction.

Moreover, to the extent that Plaintiff asserts a § 1983 claim for monetary damages resulting from his allegedly unlawful conviction, his claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff pursuing a § 1983 claim regarding his conviction must "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Here, Plaintiff fails to allege that his conviction has been reversed, expunged,

invalidated, or called into question. Thus, Plaintiff cannot state a claim pursuant to § 1983 for monetary damages arising from his conviction.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 133) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Judicial Process Defendants' Motion to Dismiss (Doc. 78) is **GRANTED in part**.

    a. Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice** as to the Judicial Process Defendants.

    b. Plaintiff's Complaint is **DISMISSED with prejudice** insofar as it seeks a reversal of Plaintiff's state court criminal conviction.

    c. Plaintiff's Complaint is **DISMISSED with prejudice** insofar as it seeks the initiation of federal criminal proceedings against Defendant Echevarria.

    d. The Motion is **DENIED** in all other respects.

3. Defendant Echevarria's Verified Motion to Set Aside Clerk's Default (Doc. 91) is **GRANTED**, and the Clerk is directed to **VACATE** the Entry of Default (Doc. 90).

4. Plaintiff's Renewed Motion for Default Judgment (Doc. 108) is **DENIED**.

5. The Officer Defendants' Motion to Dismiss (Doc. 110) is **GRANTED in part**.

    a. Plaintiff's Complaint is **DISMISSED without prejudice** as to the Officer Defendants.

    b. The Motion is **DENIED** in all other respects.

6. **On or before April 9, 2018**, Plaintiff may file an Amended Complaint consistent with this Order.

7. **On or before April 23, 2018**, Defendant Echevarria shall respond to the Complaint, or the Amended Complaint, if filed.

**DONE** and **ORDERED** in Orlando, Florida on March 26, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party